UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00112-MR

| VICTOR L. O'KELLY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| C. BROWN, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 6, 10].

**I.	BACKGROUND**

Pro se Plaintiff Victor L. O'Kelly ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Forsyth Correctional Center in Winston-Salem, North Carolina. On August 17, 2022, he filed this action pursuant to 42 U.S.C. § 1983 against Defendant C. Brown, identified as a Prison Emergency Response Team (P.E.R.T.) Sergeant; John Doe Defendants #1 and #2, identified as P.E.R.T. Officers, and John Doe #3, identified only as an NCDPS employee, all in their individual and official capacities. [Doc. 1 at 1-3].

Plaintiff alleges as follows. On May 24, 2022, while inside his cell at Lincoln Correctional Center in Lincolnton, North Carolina, Plaintiff witnessed Defendant Doe #1 destroying an envelope of Plaintiff's legal mail. In response, Plaintiff asked for the name of Doe #1. Plaintiff "was then assaulted without reason, or for requesting [the] name" of Defendant Doe #1. [Id. at 4]. Plaintiff was "violently snatched through the trap/food trap of a closed gate" by handcuffs that were attached to Plaintiff's "already injured hand and wrist as (3) three other P.E.R.T. officers laughed." [Id. at 5]. Plaintiff claims his Eighth Amendment rights were violated by this conduct. [Id. at 3].

For injuries, Plaintiff claims he suffered swelling to his right hand and wrist and heavy bruising to his inner forearm, bicep, rib cage, shoulder, and face.[1] [Id. at 5].

For relief, Plaintiff seeks monetary and injunctive relief. [Id.].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails

---

[1] It appears that some of these injuries may have resulted from an earlier which resulted in the presence of P.E.R.T. officers and Plaintiff being placed in handcuffs. Although unclear from Plaintiff's Complaint, it appears that Plaintiff's cell had been subject to a search. [See Doc. 1 at 5].

2

Case 5:22-cv-00112-MR   Document 12   Filed 11/09/22   Page 2 of 9

to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States,

3

and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Plaintiff alleges that his rights under the Eighth Amendment were violated by the alleged conduct. Although not specifically alleged, the Court will also address claims under the First Amendment fairly raised by Plaintiff's allegations.

### A. Eighth Amendment

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation marks omitted). The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986).

To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and,

ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

The Eighth Amendment's Cruel and Unusual Punishments Clause also imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners and other prison officials. See Farmer, 511 U.S. at 833. Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To state a claim against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard and objectively serious … risk of harm." Id.

Taking Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, Plaintiff has failed to state a claim against any Defendant in this matter under the Eighth Amendment. Plaintiff alleges that, after John Doe #1 destroyed one piece of Plaintiff's legal mail, Plaintiff was "violently snatched" by an unidentified

5

Case 5:22-cv-00112-MR   Document 12   Filed 11/09/22   Page 5 of 9

individual while "three other P.E.R.T. officers laughed." [Id. at 5]. As to any potential excessive force claim, Plaintiff has failed to allege which of the four Defendants assaulted him.

To the extent Plaintiff seeks to state an Eighth Amendment claim based on the failure to protect, he has not done so. At best, three unidentified Defendants watched and laughed as the fourth Defendant "snatched" Plaintiff's arms through his cell trap door. By Plaintiff's allegations, no harm was suffered by Plaintiff based on the three other Defendants' failure to act in response to the alleged assault. That is, there is no allegation that Plaintiff suffered any further harm from these three Defendants' failure to intervene at the time. Plaintiff has also failed to allege any personal participation by Defendant Brown.

Plaintiff's Eighth Amendments claims, therefore, do not survive initial review and will be dismissed.

### B. First Amendment

Prisoners generally have a First Amendment right to both send and receive mail. See Thornburgh v. Abbot, 490 U.S. 401, 408 (1989); Pell v. Procunier, 417 U.S. 817 (1974). A single instance of interference with an inmate's mail, however, is typically insufficient to constitute a First Amendment violation. Iwanicki v. Pa. Dep't of Corr., 582 Fed. App'x 75, 79

(3d Cir. 2014). Thus, to the extent Plaintiff seeks to assert a First Amendment claim based on interference with his mail, he has failed.

To the extent Plaintiff purports to state a claim for denial of access to the Courts, he has also failed. Prisoners must have meaningful access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), aff'd, 133 Fed. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353). Plaintiff here has not alleged any interference with his capability of bringing challenges to sentences or conditions of confinement or any actual injury. Plaintiff,

7

therefore, has also failed to state a claim based on the denial of access to the courts.

### C. Official Capacity Claims

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, as noted the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). Plaintiff's official capacity claims, therefore, do not survive initial review and will also be dismissed.

In sum, Plaintiff's Complaint fails initial review for failure to state any claim for relief. The Court will dismiss all Defendants. The Court, however, will allow Plaintiff to amend his Complaint to state a claim upon which relief may be granted, if the facts support such amendment.

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to

amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that all Defendants are **DISMISSED** as Defendants in this matter.

The Clerk is instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: November 9, 2022

Martin Reidinger
Chief United States District Judge